UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES VERNON SMITH, JR.,

    Applicant,

v.                                                      CASE NO. 8:21-cv-1233-SDM-TGW

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **ORDER**

    Smith applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his convictions for home invasion robbery and grand theft of a motor vehicle, for which Smith is imprisoned for life as a prison releasee reoffender. An earlier order directs the respondent to respond to the application but authorizes a limited response if the respondent contends that the application is time-barred. (Doc. 8 at 2) The respondent files (Doc. 10) a consolidated limited response and motion to dismiss the application as time-barred, and Smith files neither a reply in support of his application nor an opposition to the motion to dismiss. Because he neither replies nor opposes, Smith fails to contest the calculation of the limitation. The state court record filed by the respondent ("Respondent's Exhibit") supports the respondent's calculation of the limitation, which shows that the application is untimely. In his application Smith admits that he is untimely but asserts the untimeliness is caused by the pandemic and his assignment to "close management and protective management" housing.

**Timeliness**

Under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1)(A), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Smith's conviction became final on October 13, 2016.* Absent tolling for a timely post-conviction application in state court, the federal limitation barred his claim one year later, on October 13, 2017. However, the month before the conviction became final Smith filed a petition alleging the ineffective assistance of appellate counsel (Respondent's Exhibit 10), which action prevented the limitation from starting until January 19, 2017, when the petition was denied. One day earlier Smith filed a motion under Rule 3.850 for post-conviction relief (Respondent's Exhibit 12), which action prevented the limitation from starting. On March 27, 2019, the circuit court denied the motion for post-conviction relief and Smith had until April 27, 2019, to appeal. Instead

---

* Smith's direct appeal concluded on July 15, 2016. (Respondent's Exhibit 8) The conviction became final after ninety days, the time allowed for petitioning for the writ of *certiorari*. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347 (11th Cir. 2002).

of appealing, Smith moved for an extension of time until June 11, 2019, to move for rehearing, which the circuit court granted. (Respondent's Exhibits 13 and 15) On that specified date, Smith filed a notice of appeal instead of a motion for rehearing. The district court dismissed the appeal as untimely. (Respondent's Exhibit 18) Consequently, the untimely appeal failed to toll the limitation, which started April 27, 2019, and expired a year later, on April 27, 2020, and Smith's pending application under Section 2254 is untimely.

Although on December 10, 2020, Smith moved under Rule 3.800 to correct an illegal sentence, the motion afforded Smith no tolling because, as shown above, the limitation expired nearly eight months earlier. "[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period." *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001). Because the federal limitation had already expired, the state motion to correct an illegal sentence failed to toll the federal limitation to allow Smith to file a future federal action.

Paragraph eighteen of the form for filing a Section 2254 application specifically informs an applicant about the federal one-year limitation and requires an applicant to address the timeliness of his application. Smith asserts the following (Doc. 1 at 28):

> Due to the COVID-19 pandemic and the unavailability to access the law library within the institution, I did not get the opportunity to timely file the petition; also, on/or about the time for filing of the petition I was placed on close management and protective management status. I remain in/and under such restricted status for approx: 2 years.

This statement is construed as preemptively asserting entitlement to equitable tolling, although, as stated above, Smith neither responded nor opposed the respondent's consolidated limited response and motion to dismiss.

**Equitable Tolling**

The one-year limitation established in Section 2244(d) is not jurisdictional and, as a consequence, "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). *See Jones v. United States*, 304 F.3d 1035, 1040 (11th Cir. 2002). Smith must meet both requirements, and he controls the first requirement — due diligence — but not the second requirement — extraordinary circumstances. The failure to meet either requirement precludes equitable tolling. For the first requirement, "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence,'" *Holland*, 560 U.S. at 653 (internal quotations and citations omitted), and an applicant's "lack of diligence precludes equity's operation." *Pace*, 544 U.S. at 419. To satisfy the second requirement, Smith must show extraordinary circumstances both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See cases collected in Harper v. Ercole*, 648 F.3d 132, 137 (2nd Cir. 2011) ("To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances

- 4 -

caused him to miss the original filing deadline."). "[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" *Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017) (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)).

As determined above, Smith's one-year limitation ran from April 27, 2019, to April 27, 2020. Affording his application a generous interpretation, Smith contends that the pandemic, restrictive housing assignments, and limited access to the law library caused him to untimely file the federal application. Smith fails to specify when the identified restrictions actually hampered his preparing the federal application. During the one-year limitation Smith filed both a motion for extension of time to file for rehearing of the denial of his motion for post-conviction relief and a notice of appeal. (Respondent's Exhibits 14 and 16) But even if the restrictions occurred during the relevant period and hampered his filing the federal application, an "extraordinary circumstance" justifying equitable tolling is shown by neither ignorance of one's legal rights, *Jackson v. Asture*, 506 F.2d 1349, 1356 (11th Cir. 2007), nor an allegedly deficient prison law library, *Helton v. Sec'y, Dep't of Corr.*, 259 F.3d 1310, 1313 14 (11th Cir. 2001), nor lock-downs and limited or restricted access to a prison law library. *Miller v. Florida*, 307 F. App'x 366, 367 68 (11th Cir. 2009) ("[E]ven restricted access to a law library, lock-downs, and solitary confinement do not qualify as [extra]ordinary circumstances warranting equitable tolling."). Smith fails to show entitlement to equitable tolling.

Smith's application (Doc. 1) is **DISMISSED AS TIME-BARRED**. The clerk must enter a judgment against Smith and **CLOSE** this case.

- 5 -

## DENIAL OF BOTH
## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Smith is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Smith must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is clearly time-barred, Smith is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Smith must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on May 3, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE